**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Lucky Bucks HoldCo, LLC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 1 – 4 0 5 0 0 8 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1209    Orange Street**<br>Number    Street | Number    Street |
| | P.O. Box |
| **Wilmington        DE      19801**<br>City            State    ZIP Code | City        State    ZIP Code |
| **New Castle County**<br>County | **Location of principal assets, if different from principal place of business**<br>**5820    Live Oak Parkway**<br>Number    Street<br>**#300**<br>**Norcross        GA      30093**<br>City        State    ZIP Code |

5. **Debtor's website** (URL)    luckybucksga.com

| Debtor | Lucky Bucks Holdco, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_7_  _1_  _3_  _2_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

❑ Chapter 7

❑ Chapter 9

■ Chapter 11. *Check all that apply:*

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

Debtor    Lucky Bucks HoldCo, LLC
          Name                                          Case number (if known) _____

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes.   District _____   When _____   Case number _____
                                                 MM / DD / YYYY

              District _____   When _____   Case number _____
                                                 MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.   Debtor    See Schedule 1 _____   Relationship   See Schedule 1 _____

              District   District of Delaware _____     When          06/08/2023 _____
                                                                        MM / DD / YYYY

              Case number, if known _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                 Number          Street

                                 _____

                                 _____
                                 City                                State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

              Contact name _____

              Phone _____

---

**Statistical and administrative information**

---

Debtor  **Lucky Bucks HoldCo, LLC**
        _____
        Name                                                    Case number (if known)_____

---

**13.** **Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14.** **Estimated number of creditors**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☑ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15.** **Estimated assets**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16.** **Estimated liabilities**
(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| ▌ | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   ___06/08/2023___
             MM  / DD / YYYY

✘ */s/ James Boyden*
_____         **James Boyden**
Signature of authorized representative of debtor       _____
                                                       Printed name

Title  **Executive Vice President**
       _____

---

| Debtor | Lucky Bucks HoldCo, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ */s/ Russell C. Silberglied*

Signature of attorney for debtor

Date    06/08/2023

MM  / DD  / YYYY

Russell C. Silberglied

Printed name

Richards, Layton & Finger P.A.

Firm name

920        North King Street

Number        Street

Wilmington

City

DE        19801

State        ZIP Code

(302) 651-7545

Contact phone

silberglied@rlf.com

Email address

3462

Bar number

DE

State

**UNANIMOUS WRITTEN CONSENT OF THE BOARD OF MANAGERS OF
LUCKY BUCKS HOLDINGS LLC, THE SOLE AND MANAGING MEMBER OF
LUCKY BUCKS HOLDCO, LLC AND THE MANAGER OF LUCKY BUCKS, LLC IN
LIEU OF MEETING**

**June 7, 2023**

    **THE UNDERSIGNED**, being all of the members of the Board of Managers (the "Board") of Lucky Bucks Holdings LLC, a Delaware limited liability company ("Holdings" or the "Company" and, together with HoldCo (as defined below) and Lucky Bucks (as defined below), the "Company Parties"), pursuant to Section 5.01(c)(v) of the Amended and Restated Limited Liability Company Agreement of Lucky Bucks Holdings LLC, dated as of November 29, 2021, as amended by that certain Amendment No. 1 to Amended and Restated Limited Liability Company Agreement of Lucky Bucks Holdings LLC, dated as of March 24, 2023 hereby consent to the adoption of the following resolutions on behalf of the Company, and the Company, in its capacity as sole and managing member of Lucky Bucks HoldCo, LLC, a Delaware limited liability company ("HoldCo"), and the Manager of Lucky Bucks, LLC, a Georgia limited liability company ("Lucky Bucks" and together with HoldCo, the "OpCo Parties"), hereby consents to the adoption of the following resolutions on behalf of HoldCo and Lucky Bucks (other than as set forth below), respectively:

    **WHEREAS**, the Board has reviewed and considered (i) the financial and operational condition of the Company Parties and the OpCo Parties' business on the date hereof, including the historical and current performance of the Company Parties, the assets and prospects of the Company Parties, the current and long-term liabilities of the Company Parties, (ii) the market for the OpCo Parties' assets and credit market conditions, (iii) the strategic alternatives available to the Company Parties, (iv) potential restructuring, sale and recapitalization transactions with respect to the Company Parties' capital structure, including the Restructuring Transactions (as defined below), and (v) the information and advice previously provided to the Board; and

    **WHEREAS**, the Board has had the opportunity to consult with the senior management of the Company Parties (the "Management") and the Company Parties' legal, financial and other advisors (the "Advisors") and to fully consider each of the Restructuring Transactions and other strategic alternatives available to the Company Parties and deems it advisable and in the best interests of the Company Parties and their respective stakeholders, creditors and other parties in interest to consummate a comprehensive restructuring of the Company Parties on the terms set forth in that certain restructuring support agreement (the "Restructuring Support Agreement"), by and among the Company Parties and the Consenting Parties (as defined in the Restructuring Support Agreement), in substantially the form attached to these resolutions as **Exhibit A** and presented to the Board (the "Restructuring Transactions");

    **WHEREAS**, the Board is aware of the material facts related to the Restructuring Support Agreement and the Restructuring Transactions and has had an adequate opportunity to ask questions regarding the Restructuring Support Agreement and the Restructuring Transactions;

**WHEREAS**, the Board has had the opportunity to consult with Management and the Advisors and to fully consider each of the Restructuring Transactions and other strategic alternatives available to each Company Party and has determined that the Restructuring Support Agreement and the Restructuring Transactions are just, reasonable and fair to the Company Parties;

**WHEREAS**, the Board deems it advisable and in the best interests of each of the Company Parties and their stakeholders, creditors and other parties in interest to consummate the Restructuring Transactions pursuant to the Restructuring Support Agreement;

**WHEREAS,** the Restructuring Support Agreement provides that it can be terminated if the Board, after consulting with counsel, determines that proceeding with any of the Restructuring Transactions contemplated by the Restructuring Support Agreement would be inconsistent with applicable law or its fiduciary duties;

**WHEREAS**, in connection with and as contemplated by the Restructuring Support Agreement, the OpCo Parties propose to enter into a commitment letter, substantially in the form attached to these resolutions as **Exhibit B** (the "OpCo DIP Commitment Letter"), pursuant to which the commitment parties party to the OpCo DIP Commitment Letter agree to commit to provide $20,500,000 of new money senior secured superpriority debtor-in-possession term loans for the OpCo Parties on the terms and subject to the conditions set forth in the Senior Secured Superpriority OpCo Debtor in Possession Credit Facility Term Sheet (the "OpCo DIP Term Sheet") attached to the OpCo DIP Commitment Letter (the "OpCo DIP Facility");

**WHEREAS**, the Board has determined that it is in the best interests of the Company Parties to enter into the OpCo DIP Commitment Letter and to incur the obligations contemplated by the OpCo DIP Commitment Letter and the OpCo DIP Term Sheet;

**WHEREAS**, the Restructuring Committee of the Board has negotiated, reviewed and determined to recommend the terms of that certain Settlement Agreement by and among the Company and each other party listed thereto substantially in the form attached to these resolutions as **Exhibit C** (the "Settlement Agreement"), pursuant to which, among other things, the parties to the Settlement Agreement have agreed to settle, compromise and resolve certain potential or actual claims that such parties may have, including claims arising out of or related to the Prepetition Distributions (as defined in the Settlement Agreement);

**WHEREAS,** the Board has received, reviewed and discussed the Settlement Agreement and is aware of the material facts relating to the  claims subject to the Settlement Agreement, including the receipt of Prepetition Distributions by certain members of the Board and Affiliates of the Company Parties, and the claims related thereto;

**WHEREAS**, the Board has determined that it is in the best interests of the Company to enter into the Settlement Agreement;

**WHEREAS**, the Restructuring Support Agreement provides that the Company Parties shall, among other things, effectuate the Restructuring Transaction by (i) commencing solicitation (the "Solicitation") of the plan for the resolution of the outstanding claims against and interests in the

Company Parties in the form attached as Exhibit B to the Restructuring Support Agreement (the "Plan") pursuant to chapter 11 title 11 of the United States Code (the "Bankruptcy Code") by mailing to parties entitled to vote on the Plan, among other things, the Plan (and all exhibits thereto), the related disclosure statement substantially in the form provided to the Board (and all exhibits thereto) with respect to the Plan, and certain other solicitation materials with respect to the Plan, including the ballots; and (ii) upon the occurrence of certain conditions, commencing the cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code by filing voluntary petitions (the "Voluntary Petitions") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the Management and the Advisors as to the relative risks and benefits of pursuing the Chapter 11 Cases; and

**WHEREAS**, the Board has determined that taking the actions set forth below are advisable and in the best interests of the Company Parties.

**NOW, THEREFORE, BE IT:**

**I.    Restructuring Support Agreement**

**RESOLVED**, that it is desirable and in the best interests of each of the Company Parties, its stakeholders, its creditors, and other parties in interest, to enter into the Restructuring Support Agreement, and that each Company Party's performance of its obligations (including the filing of the Voluntary Petitions) under the Restructuring Support Agreement, and all other exhibits, schedules, attachments, and ancillary documents or agreements related to the Restructuring Support Agreement, is, in all respects, authorized and approved; and be it further

**RESOLVED**, that (A) the form, terms and provisions of the Restructuring Support Agreement and any other document or agreement to be delivered in connection with the Restructuring Support Agreement, and (B) the transactions contemplated by the Restructuring Support Agreement and any other document or agreement to be delivered in connection therewith (including, without limitation, the Budget (as defined in the Restructuring Support Agreement) and the other schedules and exhibits thereto, and commencement of the Solicitation) are approved on behalf of the Company Parties and that each of the members of the Board and, in the case of Lucky Bucks, each of the officers of Lucky Bucks (each, an "Authorized Person") (and their designees and delegates) be, and hereby is, authorized and directed (any one of them acting alone) to execute, acknowledge and deliver, on behalf and in the name of the Company Parties, the Restructuring Support Agreement and any other document or agreement to be delivered in connection with the Restructuring Support Agreement (including the schedules and exhibits thereto), with such changes, additions and modifications thereto as the Authorized Persons (and their designees and delegates) executing the same shall approve, such approval to be conclusively evidenced by such person's execution and delivery thereof; and be it further

**RESOLVED**, that the Authorized Persons (and their designees and delegates) shall be, and each of them individually is, authorized for and on behalf of each applicable Company Party to take all actions (including, without limitation, to negotiate and execute any agreements,

documents, certificates, supplemental agreements and instruments) necessary or advisable to finalize the Restructuring Support Agreement and, subject to receiving sufficient consents from the Support Parties, to enter into the Restructuring Support Agreement, and to perform all the transactions contemplated by the Restructuring Support Agreement (including the Chapter 11 Cases), that in the judgment of the applicable Authorized Person, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof); and be it further

## II.     Approval of Entry into the OpCo DIP Facility

**RESOLVED**, that form, terms and provisions of the OpCo DIP Commitment Letter, the OpCo DIP Term Sheet and the fee letters to be entered into in connection therewith, and the performance of the obligations under the OpCo DIP Commitment Letter and the OpCo DIP Term Sheet by the OpCo Parties and the consummation of the OpCo DIP Facility are approved on behalf of the OpCo Parties and that each of the members of the Board and the Authorized Persons and each of them is authorized to execute and deliver the OpCo DIP Commitment Letter and each other instrument or document contemplated by the OpCo DIP Commitment Letter or otherwise necessary or advisable in contemplation of the OpCo DIP Facility, including the OpCo DIP credit agreement, in the name and on behalf of the OpCo Parties, with such changes or additions to the OpCo DIP Commitment Letter, the OpCo DIP Term Sheet and any additional documents in connection with the OpCo DIP Facility as the Authorized Person executing the same may approve, including the OpCo DIP credit agreement (the execution and delivery of the OpCo DIP Commitment Letter and any additional documents in connection with the OpCo DIP Facility by any such Authorized Person with any such changes or additions to be conclusive evidence of such approval); and be it further

## III.     Approval of the Company's Entry into the Settlement Agreement

**RESOLVED**, that, solely with respect to the Company, the Board determines it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest, to enter into the Settlement Agreement, and that the Company's settlement of claims pursuant to the Settlement Agreement, including claims arising out of or related to the Prepetition Distributions, and all other exhibits, schedules, attachments, and ancillary documents or agreements related to the Settlement Agreement, is, in all respects, authorized and approved; and be it further

**RESOLVED**, that solely with respect to the Company, the Board determines that (A) the form, terms and provisions of the Settlement Agreement and any other document or agreement to be delivered in connection with the Settlement Agreement and (B) the transactions contemplated by the Settlement Agreement and any other document or agreement to be delivered in connection therewith and the other schedules and exhibits thereto are approved on behalf of the Company and that each Authorized Person of the Company (and their designees and delegates) be, and hereby is, authorized and directed (any one of them acting alone) to execute, acknowledge and deliver, on behalf and in the name of the Company, the Settlement Agreement and any other document or agreement to be delivered in connection with the Settlement Agreement (including the schedules and exhibits thereto), with such changes, additions and modifications thereto as the Authorized Person of the Company (and their designees and delegates) executing the same shall approve, such

approval to be conclusively evidenced by such person's execution and delivery thereof; and be it further

### III.    **Commencement of Chapter 11 Cases**

**RESOLVED**, that, in the best judgment of the Board, it is desirable and in the best interests of the Company Parties and their respective creditors, members and other parties in interest that a Voluntary Petition be filed by each of the Company Parties commencing the Chapter 11 Cases under the provisions of the Bankruptcy Code, in accordance with the Restructuring Support Agreement; and be it further

**RESOLVED**, that each of the Authorized Persons be, and hereby is, individually or jointly, authorized, empowered and directed, in the name of and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, to execute and file in the name and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, the Voluntary Petitions, to execute, acknowledge, deliver and verify the Voluntary Petitions and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine, in accordance with the Restructuring Support Agreement; and be it further

**RESOLVED**, that each Authorized Person (and their designees or delegates) be, and hereby is, individually or jointly, authorized, empowered and directed to file all schedules, statement of affairs, lists and other motions, papers or documents, and to take any and all related actions that such Authorized Person may deem necessary or proper to obtain in connection with the filing of the Voluntary Petitions and commencement of the Chapter 11 Cases, including, without limitation, any action necessary to maintain the ordinary course operation of the OpCo Parties' business; and be it further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, to perform the obligations of the Company Parties under the Bankruptcy Code, including the obligations of the Company Parties, in each case, as a debtor in possession, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company Parties; and be it further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name of and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, to cause the Company Parties to enter into, execute, deliver, certify, file, record and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Persons, shall be necessary, proper and desirable to prosecute to a successful completion and to effectuate the restructuring or liquidation of the Company Parties' debt, other obligations, organizational form and structure and ownership of the Company Parties, all consistent with these resolutions and to carry out and put into effect the

purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and be it further

**RESOLVED**, that the Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered from time to time in the name and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, to negotiate for and obtain postpetition financing according to terms to be negotiated by the Company Parties, including under debtor-in-possession credit facilities or relating to the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such postpetition financing or cash collateral agreements or other similar arrangements; and in connection therewith, the Company Parties are, and each hereby is, authorized and directed to execute appropriate loan agreements, guarantees, cash collateral agreements and related ancillary documents; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the law firms of Milbank LLP ("Milbank") as general bankruptcy counsel and Richards, Layton & Finger, PA ("RLF") as local bankruptcy counsel to represent and assist the Company Parties in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Company Parties' rights and obligations, including filing any pleadings; and, in connection therewith, the Authorized Persons hereby are authorized and directed to (i) execute appropriate retention agreements, (ii) pay and maintain appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Milbank and RLF; and be it further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to employ the firms of Evercore Group L.L.C ("Evercore") and M3 Advisory Partners, L.P. ("M3") as investment banker and financial advisor, respectively, to represent and assist the Company Parties in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Company Parties' rights and obligations; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Evercore and M3; and be it further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent to represent and assist the Company Parties in carrying out their respective duties under the Bankruptcy Code and to take any and all actions to advance the Company Parties' rights and obligations; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay and maintain appropriate retainers prior to and immediately upon filing of the Chapter 11 Cases and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Epiq; and be it further

**RESOLVED**, that the Authorized Persons be, and hereby are, authorized and directed to employ any other professionals as they deem necessary or appropriate in its discretion to assist the Company Parties in carrying out their respective duties under the Bankruptcy Code, including, without limitation, the (i) execution of appropriate retention agreements, (ii) payment and

maintenance of appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and (iii) filing of appropriate applications for authority to retain the services of any other professionals as they may deem necessary or desirable; and be it further

**IV.**    <u>**General Authorization and Ratification**</u>

      **RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each Authorized Person (and their designees and delegates) be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, Holdings, HoldCo and Lucky Bucks, respectively, to take or cause to be taken any and all such other and further actions, to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as such Authorized Person (or their designees or delegates) shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein or to fully accomplish any and all actions taken in connection with the Chapter 11 Cases, the Restructuring Support Agreement, the OpCo DIP Commitment Letter and the Settlement Agreement; and be it further

      **RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the respective organizational documents of the Company Parties, or hereby waives any right to have received such notice; and be it further

      **RESOLVED**, that the Authorized Persons be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, Holdings and HoldCo to vote any equity interests in their respective subsidiaries as may be necessary or appropriate to implement foregoing resolutions; and be it further

      **RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of Holdings, HoldCo and Lucky Bucks, respectively, and as each Authorized Person shall deem necessary or desirable in such Authorized Person's reasonable judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated in the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved, confirmed and ratified; and be it further

      **RESOLVED**, that all actions and transactions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any Authorized Person of the Company Parties in, for and on behalf of the Company Parties, in connection with the matters described in or contemplated by the foregoing resolutions, including in connection with amendments to that certain Credit Agreement, dated as of July 30, 2021, by and among the OpCo Parties, Macquarie Capital Funding LLC, as administrative agent and collateral agent, the lenders party thereto from time to time and certain other parties and in connection with the forbearance agreement with respect to that certain Note Purchase Agreement, dated as of November 29, 2021, by and among Holdings, the purchasers party thereto and Alter Domus (US) LLC, as administrative agent and collateral agent, are hereby in all respects approved,

adopted, ratified and confirmed in all respects as the true acts and deeds of the respective Company Party as of the date such action or actions were taken; and be it further

**RESOLVED**, that facsimile or electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and be it further

**RESOLVED**, that the secretary and any other appropriate officer of the Company Parties are, and each individually hereby is, authorized and empowered to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Company Parties' officers, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof; and be it further

**RESOLVED**, that this unanimous written consent may be executed in multiple counterparts, each of which shall be considered an original and all of which shall constitute one and the same instrument.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date set forth above.

BOARD OF MANAGERS:

By: _____
Name:  Manu Sekhri
Title:  Manager


By: _____
Name:  James Boyden
Title:  Manager


By: _____
Name:  Tony Kassam
Title:  Manager


By: _____
Name:  Neal Goldman
Title:  Manager

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date set forth above.

**BOARD OF MANAGERS:**

By: _____
Name:  Manu Sekhri
Title:  Manager


By: _____
Name:  James Boyden
Title:  Manager


By: _____
Name:  Tony Kassam
Title:  Manager


By: _____
Name:  Neal Goldman
Title:  Manager

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date set forth above.

**BOARD OF MANAGERS:**

By: _____
Name:  Manu Sekhri
Title:  Manager


By: _____
Name:  James Boyden
Title:  Manager


By: _____
Name:  Tony Kassam
Title:  Manager


By: _____
Name:  Neal Goldman
Title:  Manager

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date set forth above.

**BOARD OF MANAGERS:**

By: _____
Name:  Manu Sekhri
Title:  Manager


By: _____
Name:  James Boyden
Title:  Manager


By: _____
Name:  Tony Kassam
Title:  Manager

By: _____
Name:  Neal Goldman
Title:  Manager

## Exhibit A

**Restructuring Support Agreement**

**[Attached to First Day Declaration]**

**<u>Exhibit B</u>**

**OpCo DIP Commitment Letter**

**[Attached to DIP Motion]**

**Exhibit C**

**Settlement Agreement**

**[Attached to 9019 Motion]**

## SCHEDULE 1

## Pending or Current Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, (the "Court"), contemporaneously with the filing of this petition.  A motion will be filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Lucky Bucks Holdings LLC.

| Debtor Entity | |
|---|---|
| 1. | Lucky Bucks Holdings LLC |
| 2. | Lucky Bucks HoldCo, LLC |
| 3. | Lucky Bucks, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lucky Bucks HoldCo, LLC | Case No. 23-[•] (   ) |
| Debtor. | (Joint Administration Requested) |

### LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following list identifies all holders having a direct or indirect ownership interest in the above captioned debtor (the "Debtor").

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Lucky Bucks HoldCo, LLC | Lucky Bucks Holdings LLC | 1209 Orange Street Wilmington, DE 19801 | 100% |

Lucky Bucks Holdings LLC owns, either directly or indirectly, 100% of the outstanding equity interests in the Debtor.

---

[1]    This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the Debtor's chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Lucky Bucks HoldCo, LLC | Case No. 23-[•] (   ) |
| Debtor. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

The above-captioned debtor and debtor in possession (the "Debtor") makes this statement pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure certifying that the following is a corporation, other than the Debtor or a governmental unit, that directly or indirectly holds more than 10% of any class of the Debtor's equity interests:

1. The Debtor is a wholly-owned subsidiary of Lucky Bucks Holdings LLC.

2. The following corporations hold, either directly or indirectly, more than 10% of Lucky Bucks Holdings LLC's equity interests:

| Equity Holder | Percentage of Equity Held |
|---|---|
| Trive Capital Management LLC | 70% |
| Lucky Bucks Ventures, Inc. | 25% |

```
┌─────────────────────────────────────────────────┐
│ Fill in this information to identify the case:    │
├─────────────────────────────────────────────────┤
│ Debtor name:                                      │
│ United States Bankruptcy Court for the District of Delaware. │
│ Case number (if known): _____      │
└─────────────────────────────────────────────────┘
```

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1] **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in  total claim amount and deduction for value of  collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if  partially secured | Deduction for  value of collateral or setoff[2] | Unsecured claim |
| 1   Fisher & Phillips 1230 Peachtree Street NE, Suite 3300, Atlanta, GA 30309 | Contact: 404-240-4146 mheller@fisherphillips.com | Litigation | | | | $212,500.00 |
| 2   Bennett Jones 3400 First Canadian Place PO Box 130, Toronto, ON, M5X 1A4  CANADA | Contact: Erin Ryman Phone: 416-777-5508 Fax: 416-863-1716 Rymane@Bennettjones.com | Professional | | | | $211,439.00 |
| 3   Greenberg Traurig, LLP One Vanderbilt Ave New York, NY 10017 | Contact: 212-801-9200 | Professional | | | | $170,471.50 |
| 4   Shearman Sterling LLP 599 Lexington Avenue New York, NY 10022 | Contact: 1-212-848-8213 michael.steinberg@shearman.com | Professional | | | | $99,899.36 |
| 5   Moody's Investor Service 250 Greenwich Street New York, NY 10007 | Contact: 212-553-1653 | Professional | | | | $91,000.00 |
| 6   Starlite Consultants Inc. 3423 Forestwood Dr. Suwanee GA 30024 | | Professional | | | | $52,000.00 |
| 7   RSM Canada LLP 11 King Street W., Suite 700, Box 27, Toronto, ON M5H 4C7 | Contact: 647-725-1120 grand.lui@rsmcanada.com | Professional | | | | $35,000.00 |
| 8   ███████████ | | Arbitration | | | | $29,348.15 |
| 9   ███████████ | | Arbitration | | | | $17,208.08 |
| 10  Wilmington Savings Fund Society, FSB 500 Delaware Avenue | Contact: 1-888-973-7226 | Financing | | | | $15,000.00 |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.
[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

*Lucky Bucks, LLC*                                      Case number (*if known*): _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| Wilmington, DE 19801 | | | | | | |
| 11 Synthesis Valuations 100 King St W #5700, Toronto, ON M5X 1C7, Canada | Contact: 416-915-3104 adam@synthesisvaluations.com | Professional | | | | $11,073.38 |
| 12 AT&T PO Box 6463, Carol Stream, IL, 60197-6463 | | Utilities | | | | $7,500.00 |
| 13 ███████████ | | Arbitration | | | | $6,375.00 |
| 14 GA Power Corporation BIN #10102, 241 Ralph McGill Blvd, Atlanta, GA 30308-3374 | Contact: 1-888-655-5888 | Utilities | | | | $1,311.23 |
| 15 Nationwide P.O. Box 78000 Detroit, MI 48278-1322 | | Services | | | | $775.00 |
| 16 Atlanta Copier Rentals 552 Cobb Pkwy SE Marietta, GA 30060 | | Services | | | | $300.47 |
| 17 Gas South PO Box 530552 Atlanta, GA 30353-0552 | Contact: 678-504-2820 | Services | | | | $245.21 |
| 18 Comcast 1701 John F Kennedy Blvd Philadelphia PA 19103 | Contact: 1-800-266-2278 | Utilities | | | | $191.96 |
| 19 Gwinnett Department of Water Resources 684 Winder Hwy Lawrenceville, GA 30045 | Contact: 678-376-6700 | Utilities | | | | $30.53 |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name ___Lucky Bucks Holdco, LLC___

United States Bankruptcy Court for the: _____ District of ___Delaware___
                                                                    (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration ___List of Equity Holders, Corporate Ownership Statement___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06/8/2023___          ✘ /s/ James Boyden
                MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                        James Boyden
                                        Printed name

                                        Executive Vice President
                                        Position or relationship to debtor